IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL SIX,

    Plaintiff,

vs.                                                     No. CIV 17-1113 KG/KK

CITY OF MORIARTY, *et al.*,

    Defendants.

## MEMORANDUM AND OPINION

This matter is before the Court on Plaintiff's Motion to Remand Case to State District Court, (Doc. 21); Defendant's Motion to Strike Plaintiff's Amended Complaint, (Doc. 26); and Plaintiff's Motion to Correct Caption on Amended Complaint, (Doc. 22). These motions are fully briefed. Having considered the briefing, and the applicable law, and for the reasons stated on the record at the June 28, 2018, telephonic hearing, the Court denies the Motion to Remand; denies the Motion to Strike; and grants the Motion to Correct Caption. For the reasons stated below, the Court declines to exercise supplemental jurisdiction over the state law claims presented in the Amended Complaint and, therefore, remands the case to state court.

    I.    *Procedural Background*

Plaintiff originally filed his complaint on October 17, 2017, in the Seventh Judicial District Court, State of New Mexico, D-722-CV-2017-225. His claims include "Count 1-Abuse of Process;" "Count 2- Negligent Hiring, Training, Supervision;" "Count 3- Battery;" and "Count 4- Infliction of Emotional Distress." (Doc. 1) at 6-11. On November 8, 2017, Defendants filed their Notice of Removal of Cause, (Doc. 1), asserting federal question subject

matter jurisdiction, stating specifically, "The Complaint asserts claims or rights arising under the Constitution of the United States." *Id.* at 6, ¶ 1.

On January 9, 2018, Defendants filed a Motion for Summary Judgment, (Doc. 17), arguing for, *inter alia*, dismissal of all claims against them based on federal qualified immunity of Defendant Mark Satterfield. Instead of responding to the Motion for Summary Judgment, Plaintiff filed an Amended Complaint on January 20, 2018, and in doing so, attempts to clarify he is not bringing any federal claims. (Doc. 20). On January 26, 2018, Plaintiff filed Plaintiff's Motion for Extension of Time, (Doc. 23), to respond to the Motion for Summary Judgment, and he filed the Motion to Remand. On February 9, 2018, Defendants filed a Motion to Strike Plaintiff's Amended Complaint, arguing Plaintiff failed to seek Defendants' or the Court's permission to amend the complaint.

In his Motion to Remand, Plaintiff notes that the Amended Joint Status Report, (Doc. 14), "allowed" Plaintiff to file an amended complaint no later than January 22, 2018. He also states in the Motion to Remand, "Plaintiff does not seek relief under the United States Constitution or any laws or statutes of the United State[sic]," and "there are no Federal Claims or Federal questions involved in this case." (Doc. 21) at ¶¶ 4 and 5. Defendants respond that the Motion to Remand is untimely and that the Amended Complaint "still contains federal constitutional claims … under the guise" of Plaintiff's state law claims. (Doc. 25) at 1. Plaintiff replies that "there are no federal issues alleged in the [sic] either the Original or Amended Complaint" and that statements in the Original Complaint were "inadvertently included" and he "did not intend to pursue any federal claims or issues." (Doc. 32) at ¶¶ 4 and 5.

II.   Analysis

    A.  *Motion to Remand*

        1.  *Timeliness of the Motion to Remand*

As a preliminary matter, the Court considers whether Plaintiff's Motion to Remand is untimely. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Defendants filed the Notice of Removal on November 8, 2017, and Plaintiff did not file his Motion to Remand until January 26, 2018, clearly more than 30 days after the filing of the Notice of Removal. Nevertheless, the Court shall *at any time* before final judgment remand based on a lack of subject matter jurisdiction. *Id.*; *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

In his Motion to Remand, Plaintiff does not expressly request remand based on a lack of subject matter jurisdiction. Yet, he states in the Motion to Remand that he did not bring any federal claims or federal questions in his original complaint. Additionally, in his reply to the Motion to Remand, Plaintiff maintains he has not alleged any federal issues in either the original complaint or the Amended Complaint, but he concedes the original complaint states, "This action is brought pursuant to the Constitution of the United States, the New Constitution, statutes of the United States and the State of New Mexico, and the New Mexico State Tort Claims Act NMRA [sic] 1978, §§ 41-4-1 et seq." (Doc. 32) at ¶¶ 4 and 6. As to this last statement, Plaintiff states he "inadvertently" included it in the original complaint. *Id.* at ¶ 5.

It follows that if Plaintiff argues he did not bring any federal claims in the original complaint and, therefore, remand is warranted, he is arguing this Court lacks subject matter

3

jurisdiction, and, for that reason, the Court should remand the case. Under these circumstances, the Court construes Plaintiff's Motion to Remand as based on a lack of subject matter jurisdiction. Plaintiff, thus, timely filed the Motion to Remand.

*2. Federal Question Jurisdiction and Removal*

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When a plaintiff files a case in state court alleging a federal question, and subject to the procedural requirements in 28 U.S.C. § 1441 *et seq.*, a defendant may timely remove the case to federal court. Removal under 28 U.S.C. § 1441(a) provides,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

It is well-established that federal courts are courts of limited jurisdiction, and as a result, there is a presumption against removal. *See, e.g., Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.,* 149 Fed. Appx. 775, 778 (10th Cir. 2005) ("Given the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny jurisdiction if not affirmatively on the record."). "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc., v. Williams,* 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the well pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (internal quotations omitted)). This rule accounts for the strong policy favoring a plaintiff's right

4

to bring suit in the forum of his or her choosing when making only state-law claims. *Caterpillar Inc.*, 482 U.S. at 392 ("[T]he party who brings the suit is master to decide what the law he will rely upon.").

In this case, Plaintiff's Amended Complaint excises from his original complaint any reference to the United States Constitution or laws of the United States, and specifically states Plaintiff "does not seek relief under the United States' Constitution or any laws or statutes of the United State[s]." (Doc. 20) at ¶ 1. Even so, the propriety of a removal based on federal subject matter jurisdiction is based on the complaint as it existed at the time of removal. *Salzer v. SSM Health Care of Oklahoma, Inc.*, 762 F.3d 1130, 1133 (10th Cir. 2014) (stating "the propriety of removal is judged on the complaint as it stands at the time of the removal"). And, at the time of removal here, Plaintiff's original complaint made clear "This action is brought pursuant to the Constitution of the United States … [and the] statutes of the United States…." (Doc. 1) at 6, ¶ 1. Moreover, the specific claim for Battery in Count 3 of the original complaint alleges Defendant "Matt Satterfield's use of a tazer [sic] on [Plaintiff] while he was handcuffed was an unjustified and excessive use of force," and that Plaintiff "had a Constitutional and legal right to be secure in his person and not be subject to excessive use of force…." *Id.* at 9, ¶¶ 26 and 27. Certainly, coupled with previously described language from the original complaint, this specific claim can be brought under both New Mexico and United States Constitutions. As a result, the Court finds that at the time of removal, a federal question was presented in the original complaint, thus Defendants properly removed this case. The Motion to Remand is denied.

    B. *Motion to Strike the Amended Complaint*

Defendants correctly note Plaintiff filed the Amended Complaint after the 21-day limit set forth in Fed. R. Civ. P. 15(a)(1) for amending a complaint as of right, and that Plaintiff filed

5

the Amended Complaint in violation of Rule 15(a)(2), which requires Defendants' written consent or leave of the Court to file an amended complaint. Defendants also argue Plaintiff violated Local Rule 7.1(a), which provides Plaintiff "must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."

In response, Plaintiff cites Rule 15(a)(2) which provides that the Court should freely give leave to amend a complaint when justice so requires. Plaintiff also notes that Defendants can cite no prejudice that will result from an Amended Complaint and a subsequent remand to state court. Moreover, Plaintiff's counsel states he complied with Rule 7.1(a) when he and opposing counsel conferred via telephone on December 21, 2017. Plaintiff states that during that conversation his counsel explained to opposing counsel that Plaintiff had not intended to bring any federal claims and that he would file an amended complaint to clarify that he did not intend to bring any federal claims. Plaintiff's counsel purports opposing counsel told him to file the amended complaint and that he would not oppose a remand.

The Court notes the somewhat disorderly approach Plaintiff has taken thus far in complying with the above Rules and in conducting this litigation. Even so, the Court agrees that Plaintiff's actions have caused little if any prejudice to Defendants. Moreover, had Plaintiff simply filed a proper motion for leave to file his Amended Complaint, the Court is hard-pressed to imagine that Defendants would have opposed it. And, the Court likely would have granted the motion for leave to file the Amended Complaint. Indeed, the Amended Complaint effectively does what Defendants' seek, in part, in their Motion for Summary Judgment, i.e., dismiss any federal claim against them.

Furthermore, it is worth noting that Plaintiff, having stated he never intended to claim any federal violation, could have filed a motion to dismiss any possible federal claim raised in the original complaint. Here too, and for the same reasons stated above, the Court cannot imagine Defendants would oppose such a motion. Seeing no prejudice to the Defendants, the Court denies the Motion to Strike the Amended Complaint. As a result, Plaintiff asserts, and the Court agrees, the Amended Complaint only alleges violations of state law.

### C. Motion to Correct Caption

In light of the above rulings and considering the inadvertent mistakes in the caption, the Court grants Plaintiff's Motion to Correct Caption.

### D. Supplemental Jurisdiction

The next question for this Court is whether to exercise supplemental jurisdiction over the state claims or remand the matter to state court. As described in 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." As described above, only state claims remain in the Amended Complaint. The Tenth Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of [supplemental] jurisdiction. . . ." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010). "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

The interests of judicial economy, convenience, fairness, and comity would not be served by the exercise of supplemental jurisdiction here. Taking into consideration those factors, and following Tenth Circuit precedent, the Court declines to exercise supplemental jurisdiction over

7

Plaintiff's state law claims. Consequently, the Court will remand this case to the Seventh Judicial District Court, County of Torrance, State of New Mexico.

IT IS ORDERED that

1. Plaintiff's Motion to Remand Case to State District Court (Doc. 21) is denied;

2. Defendant's Motion to Strike Plaintiff's Amended Complaint (Doc. 26) is denied;

3. Plaintiff's Motion to Correct Caption on Amended Complaint (Doc. 22) is granted;

and

4. this case will be remanded to the Seventh Judicial District Court, County of Torrance, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE